***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted November 30, 2022, reversed June 28, 2023

AXIS CONSTRUCTION CONSULTING, INC.,
*Plaintiff-Respondent,*

*v.*

Bradley GANZ,
an individual,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CV02925; A175930

Thomas M. Ryan, Judge.

E. J. Simmons argued the cause and filed the briefs for appellant.

Michael T. Schaefer argued the cause for respondent. Also on the brief was Holtey Law, LLC.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed.

**HELLMAN, J.**

Plaintiff sued defendant in California alleging that defendant failed to fully pay for consulting work on possible window defects in defendant's home in Oregon. Defendant did not appear in the California case, and plaintiff obtained a default judgment against defendant. Plaintiff then registered the foreign judgment in Multnomah County. Defendant moved to set aside the foreign judgment, but the trial court denied the motion. Defendant appeals from that order. On appeal, he raises one assignment of error, arguing that the trial court erred in concluding that California had specific personal jurisdiction, because no evidence in the record supported its findings. For the reasons below, we reverse.

When reviewing a trial court's ruling on a motion to set aside a judgment for lack of personal jurisdiction, "we consider the facts as alleged in plaintiff's complaint, any relevant supporting affidavits, and other evidence submitted by the parties." *Cox v. HP Inc.*, 317 Or App 27, 31, 504 P3d 52, *rev den*, 369 Or 705 (2022). Plaintiff has the "burden of alleging and proving facts sufficient to establish jurisdiction over a particular defendant." *Id.* Determinations of personal jurisdiction based on established facts are reviewed for errors of law. *Id.*

Relying on *International Shoe Co. v. Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945), defendant argues that the facts supported by the record do not establish the minimum contacts required to establish specific personal jurisdiction in California. "Jurisdiction is proper * * * where the defendant 'deliberately' has engaged in significant activities within a State, * * * or has created 'continuing obligations' between himself and residents of the forum[.]" *Burger King Corp. v. Rudzewicz*, 471 US 462, 475-76, 105 S Ct 2174, 85 L Ed 2d 528 (1985) (citations omitted).

Although plaintiff argued to the trial court that the consultant was a California resident who worked out of a California-based office for a California-based company, arguments are not evidence and cannot satisfy plaintiff's burden to prove the existence of personal jurisdiction. And here, the evidence does not support a determination that

jurisdiction was proper in California. Plaintiff provided no evidence that defendant ever entered California or directed that any work be done there. Indeed, there was no evidence that any consulting work was done in California or that the consultant ever worked in a California office. In addition, the record does not establish that defendant's partial payment to plaintiff was made to a California office, instead of to one of plaintiff's other non-California offices.

Even if partial payment was made to a California office, that singular contact does not rise to the level of "minimum contacts" required by *International Shoe*. *See Walden v. Fiore*, 571 US 277, 284, 134 S Ct 1115, 188 L Ed 2d 12 (2014) (recognizing that the defendant's own conduct "must create a substantial connection with the forum State"); *cf. Keeton v. Hustler Magazine, Inc.*, 465 US 770, 781, 104 S Ct 1473, 79 L Ed 790 (1984) (finding that use of the mail resulted in personal jurisdiction when the respondent "continuously and deliberately" mailed magazines into the forum state to "exploit" that state's market).

Because the record does not establish that defendant had the required minimum contacts with California, the trial court erred in concluding California had specific personal jurisdiction over defendant.

Reversed.